## STATE OF FLORIDA v. VILLANUEVA
### Case No. 83-342
Eleventh Judicial Circuit, Appellate Division, Dade County
June 11, 1984

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Michael J. Neimand,** Assistant Attorney General, for appellant.

**John F. Paulin, Jr.,** for appellee.

Before KOGAN, KAYE, BARAD, JJ.

### OPINION OF THE COURT

BARAD, Judge.

The Defendant was charged with driving under the influence of alcoholic beverages, narcotic drugs, barbiturates or other stimulants in violation of Section 316.193, Florida Statutes. The Defendant plead not guilty and waived trial by jury. Thereafter, the Defendant filed a Motion to Suppress roadside sobriety tests. The Appellee contends that

the sobriety tests were obtained in violation of the Fifth Amendment of the United States Constitution. More particularly, Defendant argues that the roadside tests constituted custodial interrogation and should have been preceded by *Miranda*[1] warnings and that since *Miranda* warnings were not given the tests had to be suppressed.

A hearing was held on Defendant's Motion to Suppress, at which time the following testimony was elicited: the arresting officer stopped Defendant's vehicle while he was proceeding in the wrong direction on a one-way street. He approached Defendant's vehicle and asked for identification. The Defendant produced his license from his wallet. The officer observed the Defendant had bloodshot eyes and slurred speech. He requested Defendant to exit his vehicle. After Defendant exited his vehicle the officer offered the Defendant to perform roadside sobriety tests. The officer did not advise the Defendant of his *Miranda* rights. After the Defendant performed the roadside tests, he was placed under arrest for driving under the influence.

The State position was that roadside tests are not of a testimonial or communicative nature that would require that *Miranda* warnings be given.

Thereafter, the trial court granted the Motion to Suppress on the grounds that the Defendant was entitled to be advised of his rights pursuant to *Miranda*, prior to the roadside test being performed.[2]

The primary issue before us involves the Fifth Amendment privilege against self incrimination.

Presented with a fact situation similar to the one before us, the Supreme Court reviewed the scope of the Fifth Amendment in *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L.Ed.2d 908 (1966), and reasoned as follows:

"It is clear that the protection of the privilege reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's paper . . . . On the other hand, both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make

---

[1] *Miranda v. Arizona*, 384 U.S. 437, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).

[2] The trial court did not feel bound by *State v. Madison*, Circuit Court Appeal No. 82-367 AC, emanating from the same trial court which was reversed on the same exact issue. Writ of Certiorari was denied by the 3rd DCA.

a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony', but the compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it."

Following *Schmerber*, the Supreme Court further clarified the meaning of the phrase testimonial or communicative nature in: *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 SCt. 1951, 18 L.Ed.2d 1178 (1967); and *United States v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 7 (1973).

In light of the Supreme Court's holdings in *Schmerber* and *Miranda*, we must now determine whether the roadside sobriety test is of such a nature that it effectively compels a confession from its subject, or instead, whether it acts merely to compel the exhibition of physical characteristics.

We adopt the reasoning contained in *State v. Arsenault*, 115 N.H. 109, 336 A.2s 244 (1975):

"[Field sobriety tests] are premised upon the relationship between intoxication and the externally manifested loss of coordination which it causes. These tests do not seek to compel from the defendant any knowledge he might have; nor do they involve the defendant's communicative faculties in any way. They only compel him to exhibit his physical characteristics of coordination Thus, the field sobriety tests do not constitute testimonial compulsion but are merely a source of real or physical evidence and are not within the privilege against self-incrimination. (Citations omitted.)"

We reject this Defendant's claim that a sobriety test violates his Fifth Amendment Rights.

Field sobriety tests are physical and real evidence and do not activate the protections afforded by the Fifth Amendment. Therefore, the trial court's Order granting the Motion to Suppress was in error, we therefore REVERSE AND REMAND FOR TRIAL.